UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81163-CIV-MARRA/HOPKINS

PETER COPPOLA,

    Plaintiff,
vs.

CASARO LABS, LTD.,
SAMUEL LUBLINER, and
RODNEY VICCARI,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Amend Complaint to Add Claims Against a Party Defendant [DE 24]. The Court has carefully considered the motion and response and is otherwise fully advised in the premises. No reply was filed and the time period for doing so has expired.

Plaintiff seeks to amend the complaint to add the party Stance Beauty Labs, LLC ("Stance"). The motion was filed within the deadline to seek to amend the pleadings and to add parties.

### Discussion

A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, the court's discretion is severely circumscribed. Discretion to deny leave to amend is limited by the principle, embodied in Federal Rule of Civil Procedure 15(a) that "leave shall be freely given when justice so requires," and by the general policy embodied in the

Federal Rules favoring resolution of cases on their merits.  *See* Fed. R. Civ. P. 1.  A court may not use its discretion either arbitrarily or in a way that undermines the basic policy of the rule.  Indeed, the Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded."  *Foman*, 371 U.S. at 182.  Therefore, because "this mandate is to be heeded," there must be a "justifying reason" for a court to deny leave.  *Id.*; *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed).

In *Foman,* the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile.  *Foman*, 371 U.S. at 182.

Defendants Casare Labs, Ltd., Samuel Lubliner and Rodney Viccari (collectively, "Defendants") oppose the motion arguing that "[i]t is implausible that Plaintiff discovered the 'new' Stance products in February 2013, as alleged in the Motion to Amend.  Plaintiff received statements and quarterly royalty payments from Casaro Labs that identified Stance Beauty Labs, LLC as a seller of the products and delineated the sales and royalty payments derived from Stance."  DE 28 at 2.  Because "[t]here is no 'surprise' or justification for having failed to bring any claims against Stance until more than five months after this action was initiated," Defendants assert there has been undue delay in moving to sue Stance.   DE 28 at 3.  The Court disagrees.

First, Defendants do not argue that the amendment would be prejudicial to them, or that there has been bad faith, or that the amendment would be futile. The only valid remaining basis to deny the motion is if there has been undue delay. While the parties disagree on whether Plaintiff knew all along or only recently discovered that Stance was selling a "Thermal Hair Iron Pouch" at T-J Max in Boca Raton under Plaintiff's registered Trademark Peter Coppola, the fact remains that the deadline to move to amend had not yet expired when Plaintiff filed his motion, and discovery in this case does not close for another seven months, or until December 30, 2013. These facts demonstrate a timely and legitimate basis for seeking leave to amend. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint to Add Claims Against a Party Defendant [DE 24] is GRANTED. Pursuant to the Administrative Procedures, Southern District of Florida, Plaintiff shall separately electronically file his Amended Complaint, which is deemed filed as of April 30, 2013. Defendant shall properly serve the new party Defendant Stance Beauty Labs, LLC.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of June, 2013.

        KENNETH A. MARRA
        United States District Judge