UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-81163-CIV-MARRA

PETER COPPOLA,                             )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )
                                           )
CASARO LABS, LTD.,                         )
SAMUEL LUBLINER,                           )
RODNEY VICCARI,  and                       )
STANCE BEAUTY LABS, LLC,                   )
                                           )
                Defendants.                )
_____/

**PLAINTIFF, PETER COPPOLA'S SUPPLEMENT TO
LEGAL MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT [Doc. 49]**

Plaintiff, Peter Coppola ("Coppola"), by and through his undersigned counsel, hereby supplements his Legal Memorandum included in Plaintiff's Response in Opposition Defendants' Motion to Enforce Settlement Agreement and Incorporated Memorandum of Law [Doc. 49], and states as follows:

SUPPLEMENT TO LEGAL MEMORANDUM

**The Statute of Frauds Applies to the Parties' License Agreement**

As previously stated, Plaintiff agrees with Defendants' contention that "the construction and enforcement of settlement agreements are governed by principles of Florida's general contract law." *See* Doc. 44 at p. 4.

It is clear from the preliminary negotiations of the parties as well as from Defendants' counsel, Vanessa Serrano's March 6, 2014 email to counsel for Plaintiff, Ronald D'Anna, that the parties envisioned a sixteen (16) month license agreement as part of the parties' potential

settlement.  Specifically, Ms. Serrano's March 6, 2014 email stated "The royalty will be 7% and the agreement will run 16 months."  *See* Exhibit B of Defendants' Motion to Enforce Settlement Agreement and Request for Expedited Disposition ("Motion to Enforce") [Doc. 44-2].

Accordingly, the parties' anticipated license agreement clearly falls within the Statute of Frauds.  Section 725.01, Florida Statutes, provides:

> **No action shall be brought** whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of her or his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period longer than 1 year, **or upon any agreement that is not to be performed within the space of 1 year from the making thereof**, or whereby to charge any health care provider upon any guarantee, warranty, or assurance as to the results of any medical, surgical, or diagnostic procedure performed by any physician licensed under chapter 458, osteopathic physician licensed under chapter 459, chiropractic physician licensed under chapter 460, podiatric physician licensed under chapter 461, or dentist licensed under chapter 466, **unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and <u>signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.</u>**

Based on a review of the plain language of Florida's Statute of Frauds, there is no license agreement between the Plaintiff, Peter Coppola, and the Defendant, Casaro Labs, Ltd., for a term of 16 months because (a) Peter Coppola did not sign any written agreement; (b) Mr. D'Anna was not lawfully authorized to agree to the terms of the license agreement; and (c) assuming, *arguendo*, Mr. D'Anna was lawfully authorized to enter into an agreement on behalf of Mr. Coppola, Mr. D'Anna did not sign any agreement.  It is clear on the face of Mr. D'Anna's March

6, 2014 response [Doc. 44-3] to Ms. Serrano's settlement communication email [Doc. 44-2] in which he merely stated "Agreed" with no signature block, that he did not "sign" any agreement.

Florida's Electronic Signatures Act, Section 668.001, et seq., Florida Statutes, defines "Electronic signature" as "any letters, characters, or symbols, manifested by electronic or similar means, executed or adopted by a party with an intent to authenticate a writing. A writing is electronically signed if an electronic signature is logically associated with such writing." § 668.003(4), Fla. Stat.   Mr. D'Anna's March 6, 2014 email did not evidence any intent to authenticate any writing.  More importantly, as further stated in Section C of Plaintiff's Response in Opposition to Defendants' Motion to Enforce Settlement Agreement, Mr. D'Anna did not have legal authority to enter into a sixteen-month license agreement with Casaro Labs, Ltd.  *See* Doc. 49 at pp. 9-11, 17-18.

In *Wolfson v. Moye*, 214 So. 2d 629 (Fla. 3d DCA 1968), a Florida Appellate Court analyzed a Florida Supreme Court decision that the Statute of Frauds should be strictly construed and reasoned:

> Appellant urges that the Statute of Frauds does not require the acceptance of a contract to be in writing and that the statement of Moye's counsel to Wolfson's counsel constituted an oral acceptance which satisfied the spirit of the statute if not its letter. We cannot agree. The purpose of the statute is to prevent perjuries. To that end the essential elements of contracts to which the statute is applicable must be listed in a note or memorandum signed by the party to be charged. Wolfson seeks to establish the essential elements by oral testimony that the person to be charged gave an oral statement to his lawyer and that the lawyer gave an oral statement to another lawyer. In *Yates v. Ball*, 132 Fla. 132, 181 So. 341, 344 (1937), the Supreme Court of Florida pointed out:
> 'The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection.'

*Wolfson*, 214 So. 2d at 630-631.  The *Wolfson* court held "The trial court found that the alleged contract did not meet the requirements of s 725.02, Fla.Stat. (1965), F.S.A., and was therefore unenforceable. This finding not only precludes the remedy of specific performance, but it precludes the granting of damages for the alleged breach as well." *Id*. at 631.

Furthermore, another Florida appellate court addressed the Statute of Frauds as applied to an attorney negotiated settlement.  *See Perimeter Inv., Inc. v. Amerifirst Dev. Co. of Cent. Fla., Inc.*, 423 So. 2d 586 (Fla. 1st DCA 1982).

> The dispositive hornbook issue is whether the Statute of Frauds, Section 725.01, Florida Statutes (1981), applies to litigation settlement agreements. We hold that it does, finding no legislative enactment, court rule or decisional authority that specifically exempts settlement agreements from its purview….
>
> It is not materially disputed that the settlement agreement was oral and that it included among its terms the transfer of property from defendants to plaintiff. By operation of Section 725.01, the agreement was unenforceable. Therefore the bare showing that the bank may have reneged on the settlement cannot, without more, be grounds for an injunction.
>
> *Id*. at 587.

Generally, under Florida law, the determination of whether an agent has legal authority to bind the party to be charged is a factual inquiry, and in cases where Florida courts have found that a settlement agreement satisfied the Statute of Frauds, the party, itself, and not just the party's attorney, had performed some affirmative action indicating its intention to be bound by the settlement.  *See e.g.*, *Farrell v. Farrell*, 661 So. 2d 1257 (Fla. 3d DCA 1995); *Seal Products v. Mansfield*, 705 So. 2d 973 (Fla. 3d DCA 1998); *Moore v. Chapman*, 351 So. 2d 760 (Fla. 1st DCA 1977).

Accordingly, the subject purported settlement agreement's failure to comply with the Statute of Frauds requirement for contracts requiring performance for more than one year is

4

another reason that no settlement agreement and license agreement was agreed to by the parties. Neither Peter Coppola nor his legally authorized agent signed any agreement. *See* Doc. 49 at pp. 9-11, 17-18. Additionally, as further explained in Plaintiff's Response in Opposition Defendants' Motion to Enforce Settlement Agreement and Incorporated Memorandum of Law [Doc. 49], there was no meeting of the minds on all essential terms of the parties purported settlement. *See* Doc. 49 at pp. 13-14.

Dated: April 15, 2014.

Respectfully submitted,

/s/ Ronald E. D'Anna
Ronald E. D'Anna, Esquire
Florida Bar No. 357 405
McClosky, D'Anna & Dieterle, LLP
2101 N.W. Corporate Boulevard ~ Suite 400
Boca Raton, Florida  33431
Tel:  (561) 368-9200
Fax: (561) 395-7050
E-Service: legalservice@mdd-law.com
E-Mail Address:   red@mdd-law.com
*Attorney for Plaintiff,  Peter Coppola*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by designated E-mail on this 15th day of April, 2014, to: **Matthew S. Nelles, Esquire, Vanessa M. Serrano Esquire**, *Counsel for Casaro Labs, Ltd., Samuel Lubliner and Rodney Viccari,* Broad & Cassel, One Financial Plaza, Suite 2700, 100 S.E. 3rd Avenue, Fort Lauderdale, FL 33394, Tel: (954) 764 - 7060, Fax: (954) 761 - 8135, E-mail: mnelles@broadandcassel.com; vserrano@broadandcassel.com.

/s/ Ronald E. D'Anna
Ronald E. D'Anna, Esquire

H:\LIBRARY\12014001\PLEADING\SUPPLEMENT TO RESPONSE IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT.KJM.DOCX