UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81163-CIV-MARRA/HOPKINS

PETER COPPOLA,

    Plaintiff,
vs.

CASARO LABS, LTD.,
SAMUEL LUBLINER, and
RODNEY VICCARI,

    Defendants.
_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendants' Motion to Enforce Settlement Agreement and Request for Expedited Disposition [DE 44] and Peter Coppola's Motion for Extension of Deadline to Complete and Execute the Final Settlement Documents as set Forth in the Magistrate's Recommendation to the District Court [DE 61]. The Motion to Enforce was referred to the Honorable James M. Hopkins, United States Magistrate Judge, Southern District of Florida. Judge Hopkins held an evidentiary hearing on April 17, 2014. A Report and Recommendation dated April 21, 2014, was filed recommending that the motion be granted and this case be dismissed with prejudice [DE 57]. Plaintiff filed objections [DE 58], Defendants filed a response to the objections [DE 59], and Plaintiff filed a reply to his objections [DE 60]. The Court has carefully considered all relevant filings, the entire Court file, and is otherwise fully advised in the premises.

Standard of Review

The Court's standard of review of a Magistrate Judge's report and recommendation depends upon whether a party objected to that document.  Under the Federal Magistrates Act

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b) (implementing and reflecting the breadth of statutory discretion set forth in the Federal Magistrates Act).  If no objection or only partial objection is made to the magistrate judge's report, the district court judge reviews those unobjected portions for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999).  In this case, even though objections to the Report and Recommendation were made, none of the objections address any portion of the report, but rather assert new arguments that were not presented to the magistrate judge.  Under such circumstances, where a party's complaint was not first presented to the magistrate judge, this Court has broad discretion to decline to consider those arguments.  *Williams v. McNeil,* 557 F.3d 1287 (11th Cir. 2009), *cert. denied,* 129 S. Ct. 2747 (2009).

Discussion

Plaintiff, Peter Coppola ("Plaintiff" or "Coppola"), objects to Magistrate Judge Hopkin's Report and Recommendation ("R&R") because the Magistrate "does not consider the implications of the party plaintiff/client not having the proper actual authority to enter into a settlement agreement. . . Mr. Coppola essentially agreed to sell something he did not own.  How can Mr. Coppola grant Casaro a license to a trademark to which he no longer owns the licensing rights?"  DE 58 at 7-8.  In essence, Mr. Coppola's position is that throughout the period of negotiations he believed he had full and complete authority to settle the lawsuit, but now that the truth is revealed that he had already sold his rights, and hence had no authority to settle, the settlement is invalid.  Plaintiff's position and the manner in which he has conducted himself in this case is outrageous.  Plaintiff also asserts for the very first time, "[b]ecause there was no meeting of the minds (due to a mutual mistake of fact) as to the essential term of Mr. Coppola's ownership of the trademark, there cannot be an agreement."  DE 58 at 9.  Plaintiff argues the remedy of rescission is the appropriate disposition.

The underlying facts of this case, which are discussed at length in the relevant filings and will not be reiterated here, cast serious doubt on the veracity or credibility of Coppola's contention that he "forgot" that he had transferred to an

LLC the rights to use his name.[1]  *See, e.g.*, DE 59.  Furthermore, Coppola's argument of mistake of fact was never raised below and cannot form the basis by which to overturn the Magistrate Judge's findings.  *See Maale v. Kirchgessner*, 2011 WL 1549058 at *4 (S.D. Fla. Apr. 22, 2011) (refusing to consider legal arguments that "should have, and could have, been previously raised" before Magistrate Judge, relying upon *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("*Williams*"); *Schwarz v. Village Ctr. Comm. Devel. Dist.*, 2013 WL 945402, *3 (M.D. Fla. March 12, 2013) ("As Plaintiffs did not raise the argument of futility before the Magistrate Judge, this Court will not consider the newly raised argument of futility in Plaintiff's Objection to the Report" (citing *Williams*).

Plaintiff raised the issue of "mistake of fact" for the first time in his objection, after Magistrate Judge Hopkins and the parties had already incurred significant time and expense litigating the issue of settlement.  To allow Plaintiff to inject a new argument at this stage in the litigation, when there is no demonstrable reason that this argument was not raised before Magistrate Judge Hopkins, would undermine the very purpose of the magistrate judge system.  As such, the Court

---

[1] Plaintiff himself executed the LLC Operating Agreement and the IP Purchase Agreement.  Yet in response to Defendants' specific inquiries in July and August 2013, Plaintiff denied the existence of any agreements or other documents pursuant to which he licensed or otherwise transferred the Coppola Mark to any third parties.  *See* R&R, n.3.  When questioned at the evidentiary hearing, Plaintiff merely stated that he "forgot" about the IP Agreement and the Peter Coppola Beauty, LLC Operating Agreement.  This is, at best, an inexcusable lack of due care.

declines to exercise its discretion to consider this argument that should have, and could have, been previously raised.

This case is only about a settlement between the parties to this litigation. It is not binding on third parties unless those third parties were in privity with the litigant or were represented by one of the parties.[2] "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). Indeed, the United States Supreme Court has stated "the general rule [is] that 'one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Id*. (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (2001)). Whether Plaintiff did or did not have authority to convey rights, whether Plaintiff is subject to claims of fraud, or whether any third party who may claim ownership of the rights in question are bound by the settlement agreement in this lawsuit remains for another day. As between the parties to this lawsuit: <u>It is settled</u>. Accordingly, based on the foregoing, Plaintiff's Objections are overruled and it is hereby

---

[2] A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants. *Griswold v. Cnty. of Hillsborough,* 598 F.3d 1289, 1292 (11th Cir. 2010) (citing *Taylor v. Sturgell,* 553 U.S. 880, 893-94 (2008)).

ORDERED AND ADJUDGED that the Magistrate Judge's Report and Recommendation [DE 57] is **affirmed**.  Defendants' Motion to Enforce Settlement Agreement and Request for Expedited Disposition **[DE 44] is granted**.  It is further ORDERED that Peter Coppola's Motion for Extension of Deadline to Complete and Execute the Final Settlement Documents as set Forth in the Magistrate's Recommendation to the District Court **[DE 61] is granted**.  Plaintiff and Defendants shall complete and execute the final settlement documents, including the full mutual releases and licensing agreement, contemplated in the March 6th e-mail, on or before May 30, 2014.  Any pending motions are denied as moot.  **This case is closed.**

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of May, 2014.

_____
KENNETH A. MARRA
United States District Judge